IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

T.H. McELVAIN OIL & GAS LLLP,

     Plaintiff,

v.                                 1:23-cv-00974-DLM-LF

SIMCOE, LLC,

     Defendant.

## ORDER

THIS MATTER is before the court *sua sponte* for jurisdictional purposes.  Defendant SIMCOE, LLC ("SIMCOE"), removed this case from the Second Judicial District Court of the State of New Mexico based on diversity jurisdiction.  Doc. 1.  Plaintiff's complaint identifies T.H. McElvain Oil & Gas LLLP ("McElvain") as "a New Mexico Limited Liability Limited Partnership engaged in the oil and gas business in New Mexico and Colorado."  Doc. 1-2 at 1.  SIMCOE's notice of removal identifies McElvain's general partner as "McElvain Energy Inc., a New Mexico corporation with its principal place of business in Colorado."  Doc. 1 at 2.  SIMCOE further describes McElvan's limited partners as "citizens of New Mexico and Colorado" but does not otherwise identify the limited partners.  *Id*.  The information provided in plaintiffs' complaint and defendant's notice are insufficient to confirm the diversity of citizenship necessary to establish jurisdiction under 28 U.S.C. § 1332(a).[1]

"Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1237–38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs*., 494 U.S. 185, 195–96 (1990)) (other citations omitted);

---

[1] The Notice of Removal makes clear that SIMCOE's citizenship is Delaware and Texas.  Doc. 1 at 2, ¶ 7.

*see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 380 (2016) (affirming the Tenth Circuit's holding that "the citizenship of any 'non-corporate artificial entity' is determined by considering all of the entity's 'members'").  The relevant time period for determining the existence of complete diversity is the time of the filing of the complaint and the time of removal. *See Siloam Springs Hotel*, 781 F.3d at 1239; *see also Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) ("When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court.").

Accordingly, within 21 days of the date of this order, the plaintiff shall file a response stating the citizenship, as of the time that the action was commenced in state court and at the time of removal, of all of the members of plaintiff T.H. McElvain Oil & Gas LLLP.  The plaintiff must identify the name and domicile, not just the residence, of each individual member of the unincorporated association.  *See Siloam Springs*, 781 F.3d at 1238 ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship.").  An adult's domicile is the state where the person physically resides and intends to remain indefinitely.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").  If any of McElvain's limited partners are LLCs, McElvain also must identify the citizenship of each member of the member LLC.

IT IS SO ORDERED.

Laura Fashing
United States Magistrate Judge